Paul Marron, Esq., State Bar No. 128245
MARRON LAWYERS
320 Golden Shore, Suite 410
Long Beach, CA 90802
(562) 432-7422; E-mail: pmarron@marronlaw.com

Attorneys for Plaintiffs SuperShuttle International, Inc.,
SuperShuttle Franchise Corporation, SuperShuttle
Los Angeles, Inc., Mini-Bus Systems, Inc., Sacramento
Transportation Services, Inc., SuperShuttle
San Francisco, Inc. and Cloud 9 Shuttle, Inc.

Additional Counsel Listed on Next Page

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUPERSHUTTLE INTERNATIONAL, INC., SUPERSHUTTLE FRANCHISE CORPORATION, SUPERSHUTTLE LOS ANGELES, INC., MINI-BUS SYSTEMS, INC., SACRAMENTO TRANSPORTATION SERVICES, INC., SUPERSHUTTLE OF SAN FRANCISCO, INC. AND CLOUD 9 SHUTTLE, INC.<br><br>Plaintiffs,<br>-v-<br><br>PATRICK W. HENNING, CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT, and DOES 1 through 30, inclusive,<br><br>Defendants. | Case No.: 09-CV-1825-JAH (NLS)<br><br>**Assigned to Honorable Judge John A. Houston**<br><br>**JOINT RULE 26(f) REPORT**<br><br>Complaint Filed:   8/21/09 |

/ / /

/ / /

# (continues)

Additional Counsel for Plaintiffs

Jerome P. Burger, Esq., State Bar No. 167045
Steven C. Rice, Esq. State Bar No. 109659
Shane F. Loomis, Esq., State Bar No. 247574
MARRON LAWYERS
320 Golden Shore, Suite 410
Long Beach, CA 90802
(562) 432-7422
E-mail: jburger@marronlaw.com
E-mail: sloomis@marronlaw.com

Attorneys for Plaintiffs SuperShuttle International, Inc., SuperShuttle Franchise Corporation, SuperShuttle Los Angeles, Inc., Mini-Bus Systems, Inc., Sacramento Transportation Services, Inc., SuperShuttle San Francisco, Inc. and Cloud 9 Shuttle, Inc.

Counsel for Defendants

Edmund G. Brown Jr.
Attorney General of California
Felix Leatherwood
Supervising Deputy Attorney General
Leslie Branman Smith
Deputy Attorney General
State Bar No. 93410
110 West A Street, Suite 1100
San Diego, CA 92101
P.O. Box 85266
San Diego, CA 92186-5266
Telephone: (619) 645-2603
Fax: (619) 645-2012
E-mail: leslie.smith@doj.ca.gov

Attorneys for Employment Development Department

i

**JOINT RULE 26(f) REPORT (3:09-CV-01825-JAH(NLS))**

013462/2007-1080.030

Pursuant to Federal Rules of Civil Procedure, Rule 26(f) and the Standing Order, a discovery telephone conference was held on February 17, 2010. The following counsel participated: Shane Loomis, Marron Lawyers for Plaintiffs; Leslie Branman Smith for Defendants Patrick W. Henning and California Employment Development Department.

**1. Summary of the Case**

This lawsuit stems from the Plaintiffs' allegation that the California Employment Development Department ("EDD") applies the Taxicab Information Sheet and related policies to the on-demand shared ride airport shuttle industry in determining whether shuttle drivers are employees or independent contractors despite the significant differences in both the regulatory schemes and business models of the industries.  Plaintiffs allege that the EDD adopted the Taxicab Information Sheet without complying with the requirements of the Administrative Procedures Act and as such, it is an unenforceable "underground regulation."  Plaintiffs operate a franchise business model and believe the result of the EDD's application of the policy annunciated in this alleged underground regulation would be a violation of Plaintiffs' constitutional rights, including equal protection, procedural and substantive due process, and constitutional provisions prohibiting the impairment of contractual obligations.  Plaintiffs allege application would also result in violations of the Civil Rights Act and state law.  Plaintiffs seek declaratory and injunctive relief.

Defendants believe this Court lacks jurisdiction over the subject matter of this action pursuant to the Eleventh Amendment and the Tax Injunction Act.  Defendants allege Plaintiffs have failed to exhaust their state administrative remedies.  Defendants believe this action should be dismissed.

**2. Complex Case**

This case is not sufficiently complex to warrant the use of complex litigation procedures.

**3. Additional Parties and Amendments to Complaint**

No other parties are likely to be added and no further amendments are anticipated.

/ / /

/ / /

4. **Issues Determined By Motion and Contemplated Law and Motion Matters**

    (a) Defendants have filed a motion to dismiss.

    (b) In the event the motion to dismiss is not granted, the parties may wish to file cross motions for summary judgment.

    (c) Plaintiffs are likely to seek a protective order that will be contested by Defendants.

5. **Settlement Discussions**

The parties have not engaged in settlement discussions as to Plaintiffs' current Complaint. The parties do not believe settlement negotiations would be fruitful at this time.

6. **Proposed Schedule**

    (a) Initial Disclosures: 30 days after the Court's initial scheduling conference.

    (b) General Discovery Cut-Off: 180 days after the court's initial scheduling.

    (c) Expert Disclosures/Reports:

        (i) Plaintiffs: 120 days after the Court's initial scheduling conference.

        (ii) Defendants: 150 days after the Court's initial scheduling conference.

        (iii) Rebuttal Disclosures: 165 days after the Court's initial scheduling conference.

    (d) Expert Depositions: 165 days after the Court's initial scheduling conference.

    (e) Motion Cut-Off: 210 days after the Court's initial scheduling conference.

    (f) Pretrial Conference: 30 days before trial.

    (g) Trial: at the Court's convenience, estimated 12 days in length.

7. **Discovery**

    **(a) Changes in Disclosures**

Plaintiffs and Defendants agree that initial disclosures will be due 30 days after the Court's initial scheduling conference.

    **(b) Subjects On Which Discovery May Be Needed**

The parties believe that discovery is needed on at least the following topics:

        (i) Policies, procedures, guidelines, and instructions used and provided by the EDD in auditing airport shuttle drivers.

(ii) Evidence regarding the actual analysis performed by the EDD in auditing airport shuttle drivers.

(iii) Internal communications within the EDD regarding analysis of relevant case law and precedent and new developments in same applicable to the airport shuttle industry.

(iv) EDD tax audit policies, procedures, instructions, directives, and other application of same in the transportation industry.

(v) EDD tax audit policies, procedures, instructions, directives, and other application of same to businesses operating as franchises.

(vi) Plaintiffs' policies, procedures, instructions, directives and other application of same to its business operations.

(v) Evidence regarding the operation of Plaintiffs' business as it relates to airport shuttle driver franchisees.

**(c) Discovery in Phases or Otherwise Limited**

Plaintiffs and Defendants agree that, at this time, there appears to be no need to conduct discovery in phases or limit discovery beyond any limitations provided by the discovery rules. The parties jointly propose to increase the number of permissible interrogatories to 50 and stipulate to such a modification.

**(d) Issues Relating to Disclosure of Discovery of Electronically Stored Information (including forms in which should be produced)**

The parties agree that electronic information should be produced as Adobe Acrobat ("PDF") images and provided on CD or DVD media. The parties acknowledge their respective obligations to retain relevant electronic information regardless of document preservation letters but agree that the parties will endeavor to define the scope of preservation requirements so as to reduce the burden on the respective parties once the issues regarding preservation are more clearly defined.

/ / /

/ / /

3

JOINT RULE 26(f) REPORT (3:09-CV-01825-JAH(NLS))

013462/2007-1080.030

**(e) Issues Relating to Claims of Privilege or Protection of Trial Preparation Material**

Plaintiffs believe that a protective order is necessary to protect confidential trade information as well as potential audit information that could be disclosed by Plaintiffs as part of this litigation. Plaintiffs have conferred with counsel for Defendants in an effort to resolve the issue without court action. Defendants' position is that their independent obligation to maintain confidentiality as part of ongoing investigations and audits is sufficient to protect materials in this matter and the confidential trade secret information can be redacted as necessary.

Plaintiffs' position is that the information related to an audit of Plaintiffs is confidential and that any disclosure in the context of this litigation would necessarily be inconsistent with the obligation of the Plaintiffs to protect the confidentiality of this information. Without a protective order, Defendants will be faced with the untenable option of withholding evidence from use in this matter or violating their confidentiality obligations.

In addition, Plaintiffs contend the information that they may be required to disclose will contain confidential information and trade secrets. The franchise contracts at issue contain significant confidential information such as pricing information, the disclosure of which would significantly harm Plaintiffs. Plaintiffs allege that Defendants have already breached their obligations with respect to confidentiality during an ongoing audit by disclosing information to the plaintiffs in a separate class action that has been filed against some of the Plaintiffs in this action. The EDD is obligated to maintain the confidentiality of the information contained in its audit file during an ongoing investigation, but the question is whether the EDD would disclose the information as part of this proceeding. Such disclosure would result in disclosure prior to the completion of the audit. As a result, the obligation of the Defendants with respect to the confidentiality of ongoing investigations is insufficient to protect Plaintiffs with respect to information likely to be disclosed in this action.

**(f) Other Discovery Orders**

Plaintiffs and Defendants agree that, at this time, there appears to be no need for discovery orders other than a protective order.

8. **Other Issues**

Plaintiffs and Defendants agree that, at this time, there do not appear to be other issues affecting the status or management of the case.

Dated: 2/26, 2010

MARRON LAWYERS

By: _____
Paul Marron, Esq.
Jerome P. Burger, Esq.
Shane F. Loomis, Esq.

Attorneys for Plaintiffs SuperShuttle International, Inc., SuperShuttle Franchise Corporation, SuperShuttle Los Angeles, Inc., Mini-Bus Systems, Inc., Sacramento Transportation Services, Inc., SuperShuttle San Francisco, Inc. and Cloud 9 Shuttle, Inc.

Dated: _____, 2010

EDMUND G. BROWN JR.
Attorney General of California
Felix Leatherwood
Supervising Deputy Attorney General

By: _____
Leslie Branman Smith
Deputy Attorney General
Attorneys for Defendants Patrick W. Henning and the California Employment Development Department

8. **Other Issues**

Plaintiffs and Defendants agree that, at this time, there do not appear to be other issues affecting the status or management of the case.

Dated: _____, 2010

MARRON LAWYERS

By: _____
Paul Marron, Esq.
Jerome P. Burger, Esq.
Shane F. Loomis, Esq.

Attorneys for Plaintiffs SuperShuttle International, Inc., SuperShuttle Franchise Corporation, SuperShuttle Los Angeles, Inc., Mini-Bus Systems, Inc., Sacramento Transportation Services, Inc., SuperShuttle San Francisco, Inc. and Cloud 9 Shuttle, Inc.

Dated: 2/26, 2010

EDMUND G. BROWN JR.
Attorney General of California
Felix Leatherwood
Supervising Deputy Attorney General

By: /s/ Branman Smith
Leslie Branman Smith
Deputy Attorney General
Attorneys for Defendants Patrick W. Henning and the California Employment Development Department

013462/2007-1080.030

## CERTIFICATE OF SERVICE

Case Name:   SuperShuttle International, Inc. v. Patrick W. Henning, et al.
Case No.:    09-CV-1825-JAH(NLS)

I hereby certify that on February 26, 2010, I electronically filed the following document with the Clerk of the Court by using the CM/ECF system:

**JOINT RULE 26(f) REPORT**

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on February 26, 2010, at Long Beach, California

____Mini Leano____
Declarant

_____
(Signature)

013462/2007-1080.030