1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10   SUPERSHUTTLE INTERNATIONAL,        )   Civil No. 09cv1825 JAH(NLS)
     INC., *et al.*,                     )
11                                      )   **ORDER GRANTING**
                              Plaintiffs, )   **DEFENDANTS' MOTION TO**
12   v.                                 )   **DISMISS [DOC. # 4]**
                                        )
13   PATRICK HENNING, *et al.*,           )
                                        )
14                            Defendants. )
     _____ )
15

16                          **INTRODUCTION**

17          Currently pending before this Court is the motion filed by defendants Patrick

18   Henning and the Employment Development Department (collectively "defendants" or

19   "EDD")  to dismiss the complaint filed by plaintiffs SuperShuttle International, Inc.,

20   SuperShuttle Franchise Corporation, SuperShuttle Los Angeles, Inc., Mini-Buss Systems,

21   Inc., Sacramento Transportation Services, Inc., SuperShuttle of San Francisco, Inc. and

22   Cloud 9 Shuttle, Inc. (collectively "plaintiffs").  The motion has been fully briefed by the

23   parties.  After a careful consideration of the pleadings and relevant exhibits submitted, and

24   for the reasons set forth below, this Court GRANTS defendants' motion to dismiss.

25   //

26   //

27   //

28   //

1

**BACKGROUND**

2      Plaintiffs operate on-demand ride shuttle businesses in California.  Doc. # 1 ¶¶ 2,

3   13-19.  Plaintiffs filed the instant complaint on August 21, 2009, seeking declaratory and

4   injunctive relief based on allegations concerning defendants' intended use of a "Taxicab

5   Information Sheet."  *See* id. ¶¶ 2-10, 53-55.  Plaintiffs claim defendants' use of the Taxicab

6   Information Sheet violates, or will violate, plaintiffs' rights under the Equal Protection

7   Clause, the Due Process Clause and the Contracts Clause of the United States

8   Constitution.  Id. ¶ 11, 59, 103-122.  The complaint also contains causes of action under

9   state law.  *See* id. ¶¶ 124-140.

10      Defendants filed the instant motion on September 17, 2009.  Plaintiffs' opposition

11   was filed on November 2, 2009 and defendants' reply brief was filed on November 5,

12   2009.  This Court subsequently took the motion under submission without oral argument.

13   *See* CivLR 7.1(d.1).   On May 25, 2010, plaintiffs submitted, with leave of court,

14   supplemental authority in support of their opposition to the motion.[1]  *See* Docs. # 17, 18.

15

**DISCUSSION**

16      Defendants move to dismiss the complaint on the ground that this Court lacks

17   jurisdiction over the subject matter of this action pursuant to Rule 12(b)(1) of the Federal

18   Rules of Civil Procedure.[2]

19   **1.      Legal Standard**

20      Under Federal Rule of Civil Procedure 12(b)(1), a defendant may seek to dismiss

21   a complaint for "lack of jurisdiction over the subject matter."  FED. R. CIV. P. 12(b)(1).

22

23      [1] This Court's review of the supplemental authority submitted by plaintiffs reveals that the case has
24   no bearing on the issue of standing which is central to the Court's decision in this matter.  The authority
     cited, Germantown Cab Co. v. Philadelphia Parking Authority, 2010 Pa. Commw. LEXIS 211 (April 28,
25   2010), involved a cab company that was fined after the Philadelphia Parking Authority implemented certain
     taxicab regulations upon it that were not promulgated in accordance with Philadelphia law.  Id. at *9.  Here,
26   plaintiffs have not been fined and, as such, are not in the same position to seek relief as was the cab company
     in Germantown.  Therefore, this Court finds plaintiffs' supplemental authority unpersuasive.

27      [2] Defendants also move, in the alternative, to dismiss the complaint for failure to state a claim upon
28   which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  However,
     because this Court ultimately finds it lacks subject matter jurisdiction over plaintiffs' claims, this Court does
     not address defendants' alternative motion.

"A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publishing Co. v. General Telephone Corp., 594 F.2d 730, 733 (9th Cir.1979).

Where the motion to dismiss attacks the allegations of the complaint, the trial court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." Warth v. Seldin, 422 U.S. 490, 501 (1975). Further, where the question of jurisdiction is dependent on the resolution of factual issues going to the merits, the standard to be applied in determining whether a hearing is required is equivalent to that used under Rule 56(c) of the Federal Rules of Civil Procedure, in ruling on a motion for summary judgment. Augustine v. United States, 704 F.2d 1074, 1079 (9th Cir.1983)  That is, where genuine issues of material fact exist, they must be submitted to decision on the evidence. Id.

Where the motion to dismiss attacks the existence of subject matter jurisdiction in fact, "the judge may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary." Thornhill Publishing Co., 594 F.2d at 733.  In such circumstances, "[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id.

**2.   Analysis**

Defendants contend that subject matter jurisdiction is lacking because  plaintiffs lack standing to sue.[3]  Plaintiffs bear the burden of demonstrating the existence of subject matter jurisdiction. See Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495, 499 (9th Cir. 2001).  Plaintiffs also bear the burden of demonstrating that they have standing to pursue the claims presented in their complaint. See United States v. Hays, 515 U.S. 737, 743 (1995).  To satisfy constitutional standing requirements, plaintiffs must

---

[3]  Defendants also contend they are immune from suit under the Eleventh Amendment and the Tax Injunction Act bars this action.  See Doc. # 4-2 at 1-6.  However, because this Court ultimately finds plaintiffs lack standing to sue, this Court does not address these additional contentions.

prove that "(1) [they have] suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual and imminent, not conjectural or hypothetical; (2) injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Environmental Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000)(citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)); see Council of Ins. Agents & Brokers v. Molasky-Arman, 522 F.3d 925, 930-31 (9th Cir. 2008).  In addition to the constitutional requirements, certain prudential rules apply, including a prohibition on federal courts from being forums for hearing generalized grievances by taxpayers, and an allowance for standing premised on a plaintiff's status as a taxpayer if certain requirements are met. See Bell v. City of Kellogg, 922 F.2d 1418, 1422 (9th Cir. 1991).

Defendants claim that plaintiffs lack standing because they cannot show an injury in fact occurred here.   Specifically, defendants point out plaintiffs "are arguing that the Taxicab Information Sheet *may* be used to have [p]laintiffs viewed as taxicabs [but] there has been no audit results, no assessment and no payment of any taxes by [p]laintiffs." Doc. # 4-2 at 3.  Therefore, defendants contend plaintiffs clearly have yet to suffer any harm. Id.

In opposition, plaintiffs contend they meet all three requirements establishing standing to sue here. Doc. # 7 at 11.  Plaintiffs claim that, in addition to economic damages it will suffer should defendants use the Taxicab Information Sheet, plaintiffs claim they have suffered non-economic damages in that their due process rights have been violated by defendants' failure to notify or afford plaintiffs an opportunity to be heard before the Taxicab Information Sheet was used.  Id. at 11-12 (citing Council of Ins. Agents, 522 F.3d at 931 ("Impairments to constitutional rights are generally deemed adequate to support a finding of 'injury' for purposes of standing.").  Plaintiffs further claim that the causation requirement is met here because defendants' acts have caused or will cause plaintiffs to be precluded from being able to rely on its licensing and franchise

agreements as sources of income.  <u>Id.</u> at 12.  Plaintiffs also claim that their injuries can clearly be redressed by this Court's action.  <u>Id.</u>

In reply, defendants explain that, because plaintiffs cannot meet the first requirement of demonstrating an injury in fact, it does not matter whether plaintiffs meet the remaining requirements.  *See* Doc. # 8 at 3.  Defendants point out that the injury alleged by plaintiffs has not yet happened, that is, plaintiffs are seeking, by way of this lawsuit, to enjoin defendants from using the Taxicab Information Sheet in the future.  <u>Id.</u> Thus, according to defendants, the record clearly indicates plaintiffs have suffered no harm, economic or otherwise, because there is no dispute that the Taxicab Information Sheet has yet to be implemented, if at all.  <u>Id.</u>

This Court's review of the record reflects that defendants are correct.  There is nothing in the record to indicate that plaintiffs have suffered any harm because the Taxicab Information Sheet, by plaintiffs' own admission, has not been implemented by defendants to plaintiffs' detriment.  Instead, plaintiffs claim they <u>will</u> suffer, sometime in the future, harm through invalidation of licensing and franchise contracts if the Taxicab Information Sheet is utilized.  *See* Doc. # 7 at 11.   This Court, therefore, finds that plaintiffs have not suffered an injury in fact and, as such, lack standing to sue. Accordingly, this Court grants defendants' motion to dismiss plaintiffs' complaint for lack of jurisdiction.

## **CONCLUSION AND ORDER**

For the reasons set forth above, this Court **GRANTS** defendants' motion to dismiss plaintiffs' complaint [doc. # 4] and **DISMISSES** the complaint without prejudice.

DATED:      August 31, 2010

_____

JOHN A. HOUSTON
United States District Judge

09cv1825